IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH VANN,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>    Defendant.<br>_____/ | No. C 12-5747 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE; DISMISSING ACTION; AND AWARDING ATTORNEYS' FEES** |

Defendant's motion to strike and/or dismiss the complaint is scheduled for a hearing on January 18, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to strike; and DISMISSES the complaint without leave to amend. The Court also awards defendant attorneys' fees in the amount of $2,576.00.

**BACKGROUND**

On November 8, 2012, plaintiff, acting *pro se*, filed this lawsuit against Wells Fargo Bank National Association. The complaint alleges that defendant is "using California Civil Code [section] 1161 to displace Petitioner from his property by filing an Unlawful Detainer Action in Alameda County

1  Superior Court." Compl. at 3.[1] The complaint alleges a single claim for declaratory relief based upon
2  defendant's alleged violation of California Civil Code section 1161.

3  This lawsuit is the latest in a series of actions involving plaintiff and Wells Fargo arising out
4  of the foreclosure of plaintiff's property located at 35 Shadow Mountain Street, Oakland, California.
5  On February 24, 2012, plaintiff filed a lawsuit against Wells Fargo alleging numerous claims for relief
6  arising out of the foreclosure, *Vann v. Wells Fargo*, Case No. 12-1181 (PJH). On May 24, 2012, Judge
7  Hamilton dismissed the complaint with prejudice. On May 23, 2012, Wells Fargo filed an unlawful
8  detainer action in the Superior Court of California, Alameda County, *Wells Fargo v. Vann* (Alameda
9  County Superior Court, Case No. RG-12-631649). Plaintiff removed the unlawful detainer action to this
10 Court, *Wells Fargo v. Vann*, Case No. 12-4023 (CRB). Judge Breyer remanded that case and awarded
11 attorneys' fees to Wells Fargo. On November 7, 2012, plaintiff again removed the same unlawful
12 detainer action; that case was assigned to Judge White and remains pending, *Wells Fargo v. Vann*, Case
13 No. 12-5725 (JW).

14 Now before the Court is defendant's motions to strike the complaint and for award of attorneys'
15 fees, pursuant to California's anti-SLAPP statute.

**LEGAL STANDARD**

18 The California anti-SLAPP statute permits a defendant to bring a "special motion to strike" if
19 a cause of action arises "from any act . . . in furtherance of the . . . right of petition or free speech . . .
20 in connection with a public issue," unless "the plaintiff has established that there is a probability that
21 the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1). "In making its
22 determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the
23 facts upon which the liability or defense is based." *Id*. at § 425.16(b)(2). If a defendant prevails on a
24 motion to strike, that defendant "shall be entitled to recover his or her attorney's fees and costs." *Id*.
25 § 425.16(c). Although it is a state statute, California's anti-SLAPP protections apply to state law claims

---

28  [1] Civil Code sections 1154-1165 (the California Uniform Gifts to Minors Act) were repealed and replaced by Part 9 (commencing with Section 3900) of Division 4 of the Probate Code (California Uniform Transfers to Minors Act). 17 Cal. L. Rev. Comm. Reports 601 (1984).

2

brought in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-73 (9th Cir. 1999).

In evaluating an anti-SLAPP motion, courts engage in a two-part inquiry. "First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech . . . Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003). The plaintiff's burden is "comparable to that used on a motion for judgment as a matter of law." *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010). "The plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. A defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." *Id.* at 1000 (citations and internal quotation marks omitted).

Cal. Code Civ. Proc. § 425.16(c) provides that a prevailing defendant in a special motion to strike shall be entitled to recover his or her attorney's fees and costs.

**DISCUSSION**

The first step in analyzing an anti-SLAPP suit is determining whether the defendant successfully made "an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Vess*, 317 F.3d at 1110. The Court finds that defendant has made that showing because "[i]t is well established that filing a lawsuit is an exercise of a party's constitutional right of petition." *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1087 (2001).

At the second step, plaintiff has not met his burden to demonstrate a probability of success because plaintiff's claim is barred by the litigation privilege codified at California Civil Code § 47. *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1486 (2008) ("Park Lane's filing of the unlawful detainer action clearly fell within the litigation privilege."). The Court notes that plaintiff's opposition does not address the pertinent legal authority, and instead cites irrelevant statutes and improperly seeks Rule 11 sanctions against Wells Fargo.

The anti-SLAPP statute provides that a prevailing defendant "shall be entitled to recover his or her attorney's fees and costs." *Id*. § 425.16(c). Defendant seeks $3,359 in fees. Defendant's lawyer, Keith Yandell, has filed a declaration in support of the fee request. Mr. Yandell states that he spent at least 4.5 hours researching and drafting the motion to strike and the declaration, and that he anticipated spending at least two hours researching and drafting the reply, and two hours preparing for and attending the hearing on this matter. Yandell Decl. ¶ 2. As the Court has vacated the hearing on this matter, the Court finds it appropriate to award fees at Mr. Yandell's hourly rate for this case ($395.25) for 6.5 hours of work, or $2,576.00.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to strike; dismisses the complaint without leave to amend; and orders plaintiff to pay to defendant $2,576.00 in attorneys fees. Docket No. 11.

**IT IS SO ORDERED.**

Dated: January 15, 2013

SUSAN ILLSTON
United States Dstrict Jdge